UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON

CASE NO.: 3:26-cv-00543

DON KOMARECHKA,

                Plaintiff,

v.

SANUS GALT, INC,

                Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

    Plaintiff DON KOMARECHKA by and through his undersigned counsel, brings this Complaint against Defendant SANUS GALT, INC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

    1.    Plaintiff DON KOMARECHKA ("Komarechka") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Komarechka's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

    2.    Komarechka is a Canadian nature and macro photographer currently based in Bulgaria. He has published the books "Sky Crystals: Unraveling the Mysteries of Snowflakes" and "Macro Photography: The Universe at Our Feet", the latter of which is currently in its second edition from a major publisher. Komarechka's photographic work has also appeared on five separate limited edition pure silver $20 coins from the Royal Canadian Mint as well as on a United States postage stamp in the "Life Magnified" series. He has been featured in an episode

of "The Nature of Things with David Suzuki," worked with the BBC to create title footage for the documentary series "Forces of Nature," and was credited as macro photographer in the Discovery documentary "Mosquito", also contributing to the title sequence of the film. Komarechka also appears on camera in three episodes of the Discovery series "Don't Blink". His work has been published by Scientific American, National Geographic, The New York Times, Maclean's, and Outdoor Photographer, among others.

3. Defendant SANUS GALT, INC ("SGI") is a company focused on the democratization of healthcare by enabling individual ownership and monetization of personal medical data. It combines personalized medicine with financial innovation to empower patients and healthcare providers, aiming to improve health outcomes, drug discovery, and medical care efficiency while creating new revenue streams from medical data sharing. At all times relevant herein, SGI owned and operated the internet website located at the URL https://sanusinc.com/ (the "Website").

4. Komarechka alleges that SGI copied Komarechka's copyrighted Work from the internet in order to advertise, market and promote its business activities. SGI committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the Defendant's business.

**JURISDICTION AND VENUE**

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. SGI is subject to personal jurisdiction in New Jersey.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, SGI engaged in infringement

in this district, SGI resides in this district, and SGI is subject to personal jurisdiction in this district.

## DEFENDANT

9. Sanus Galt, Inc is a Delaware Corporation, with its principal place of business at 134 Line Rd, West Windsor, NJ, 08550, and can be served by serving its Registered Agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, DE, 19808.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2012, Komarechka created the photograph entitled "Fragile Planet," which is shown below and referred to herein as the "Work."



11. Komarechka registered the Work with the Register of Copyrights on January 02, 2020, and was assigned registration number VA 2-194-683. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Komarechka published the Work, by displaying it on his Website at https://www.donkom.ca/fragile-planet/ (the "Komarechka Website"). At the time he published the Work on the Komarechka Website and at all times thereafter, Komarechka offered licensing[1] to the public.

13. Komarechka's display of the Work on the Komarechka Website also included copyright management information ("CMI") in the form of Komarechka's name and signature embedded on the Work, and a link to the licensing terms for his Work (collectively, the "Attributions").

14. Komarechka's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15. At all relevant times Komarechka was the owner of the copyrighted Work.

### INFRINGEMENT BY SGI

16. SGI has never been licensed to use the Work for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, SGI copied the Work.

---

[1] https://donkom.ca/licensing/mlf-pricing-schedule.pdf

18. On or about June 23, 2025, Komarechka discovered the unauthorized use of his Work on the Website at the URLs https://sanusinc.com/2024/04/09/vector-analysis-biotech-and-fintech-innovation/ and https://sanusinc.com/wp-content/uploads/2024/04/water_world.jpg.

19. SGI copied Komarechka's copyrighted Work without Komarechka's permission or authority.

20. After SGI copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its business.

21. SGI copied and distributed Komarechka's copyrighted Work in connection with its business for purposes of advertising and promoting SGI's business, and in the course and scope of advertising and selling products and services.

22. SGI committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Komarechka never gave SGI permission or authority to copy, distribute or display the Work for any purpose.

24. When SGI copied and displayed the Work, SGI removed Komarechka's CMI from the Work.

25. Komarechka never gave SGI permission or authority to remove CMI from the Work.

26. Komarechka notified SGI of the allegations set forth herein on July 14, 2025, and July 30, 2025. To date, SGI failed to respond to any communications.

27. As of January 16, 2026, the infringement is still ongoing.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

28. Komarechka incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Komarechka owns a valid copyright in the Work.

30. Komarechka registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. SGI copied, displayed, and distributed the Work and made derivatives of the Work without Komarechka's authorization in violation of 17 U.S.C. § 501.

32. SGI performed the acts alleged in the course and scope of its business activities.

33. SGI's acts were willful.

34. Komarechka has been damaged.

35. The harm caused to Komarechka has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36. Komarechka incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work contains copyright management information ("CMI") in the form of Attributions on the Komarechka Website.

38. SGI knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

39. SGI distributed the Work to the Website knowing that CMI had been removed or altered without authority of the copyright owner or the law.

40. SGI committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work.

41. SGI caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work at issue in this action protected under the Copyright Act.

42. Komarechka has been damaged.

43. The harm caused to Komarechka has been irreparable.

WHEREFORE, the Plaintiff DON KOMARECHKA prays for judgment against the Defendant SANUS GALT, INC that:

    a. SGI and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b. SGI be required to pay Komarechka his actual damages and SGI's profits attributable to the infringement, or, at Komarechka's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c. Komarechka be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Komarechka be awarded pre- and post-judgment interest; and

    e. Komarechka be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Komarechka hereby demands a trial by jury of all issues so triable.

Dated: January 16, 2026                           Respectfully submitted,

/s/ Rebecca A. Kornhauser
REBECCA A. KORNHAUSER
Bar Number: 517662024
Rebecca.kornhauser@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue
25th Floor
New York, NY 10010
646.517.3534 – Telephone
561.404.4353 - Facsimile

*Counsel for Plaintiff Don Komarechka*